IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER DEAN,** | : CIVIL ACTION NO. 1:23-CV-233 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **WARDEN BARRAZA,** | : |
| **Respondent** | : |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241.  Petitioner, Christopher Dean, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to apply earned time credits to his sentence pursuant to the First Step Act.  We will deny the petition with prejudice.

I. **Factual Background & Procedural History**

Dean is currently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a 180-month sentence imposed by the United States District Court for the District of South Carolina for possession of a firearm by a convicted felon and possession of a firearm by an armed career criminal.  (Doc. 7-2 at 1).  He filed the instant petition on February 2, 2023, and the court received and docketed the petition on February 8, 2023.  (Doc. 1 at 8).  Dean asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to apply such credit to his sentence.  (Id.)

Respondent responded to the petition on March 10, 2023, arguing that it should be denied on its merits.  (Doc. 7).  Respondent notes that Dean is ineligible to

have FSA time credits applied to his sentence because he has been assessed to have a medium risk of recidivism. (Id.) Dean filed a reply brief in support of his petition on April 12, 2023. (Doc. 8). The petition is ripe for review.

## II.    Discussion

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." Kurti v. White, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Moreover, eligible

inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation.  Id.

The BOP has declined to apply FSA time credits to Dean's sentence because he has been assessed as having a medium recidivism risk under the System.  (Doc. 7-2 at 3).  Dean asserts that denying him credits based on his recidivism risk violates the FSA because the statute does not state that an inmate with a medium recidivism risk is ineligible for credit.  (Id.)

Dean is incorrect.  Section 102(b)(1)(B) of the FSA requires inmates to "be a minimum or low risk to recidivate" before they may be transferred to prerelease custody or supervised released pursuant to the statute.  See First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(1)(B), 132 Stat. 5194, 5211 (2018) (codified in 18 U.S.C. § 3624(g)(1)(D)).  The BOP's implementing regulations for the FSA accordingly require inmates to demonstrate "recidivism risk reduction" or maintain "a minimum or low recidivism risk" before they may have time credits applied toward prerelease custody or supervised release.  28 C.F.R. § 523.44(b)(2).  In other words, although Dean "may be eligible to *earn* time credits, those credits cannot be *applied* until he has 'shown through the periodic risk reassessments a demonstrated recidivism risk reduction.'"  Stepp v. Thompson, No. 1:22-CV-964, 2022 WL 16748607, *2 (M.D. Pa. Nov. 7, 2022) (internal alteration omitted) (quoting 18 U.S.C. § 3624(g)(1)(B)).  Dean is thus ineligible to have FSA credits applied to his sentence based on his medium risk of recidivism and his petition will be denied.

**III.     Conclusion**

We will deny the petition for writ of habeas corpus with prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:     August 15, 2023